# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| (CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v.  ) <br> ) <br> U.S. ATTORNEY GENERAL, *et al.*, ) <br> ) <br> **Defendants.** ) | Civil Action No. 5:22-00053 |

### PROPOSED FINDINGS AND RECOMMENDATION

On November 8, 2021,[1] Plaintiff filed in the United States District Court for the District of Columbia his Motion to Proceed *In Forma Pauperis* and his Complaint in this matter seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.* and Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[2] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) U.S. Attorney General; and (2) Director, Federal Bureau of Prisons ("FBOP"). (Document No. 1.) First, Plaintiff complains that the United States Attorney General and Fourth Circuit Chief Judge Gregory allow Chief District Judge Johnston, District Judge Volk, Magistrate Judge Tinsley, and the undersigned to engage in "judicial misconduct by denying [Plaintiff] any meaningful access to the courts" and collude with prison staff to subject Plaintiff to

---

[1] On the same date, Plaintiff filed a nearly identical *Bivens* action with this Court in Civil Action No. 5:21-00593.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"physical injury."[3] (Id., pp. 1-2.) Next, Plaintiff complains that the Fourth Circuit Chief Judge Gregory, the United States Attorney General and the Director of the FBOP are acting improperly by the following: (1) Subjecting Plaintiff to physical assault; (2) Denying Plaintiff medical treatment; (3) Denying Plaintiff "indigent supplies;" (4) Denying Plaintiff timely and meaningful access to the BOP Administrative Remedy process; and (5) Fabricating medical examinations. (Id., p. 1.) Plaintiff concludes that the forgoing "amounts to imminent dangers under Section 1915(g). (Id., p. 2.) In support, Plaintiff explains that he arrived at FCI Beckley on January 13, 2021, and he "immediately began suffering misconducts & medical malpractices." (Id.) Plaintiff states that staff continuously issued "threats of physical assault" and denied him "indigent postage," writing materials, and "FBOP remedy forms." (Id.) Plaintiff claims he was moved to a different housing unit in February 2021, "where staff encouraged foreign and other gangs to control Native American living arrangements and daily routines at threat of physical assault." (Id.) Plaintiff states that "most every time" he crossed the compound or filed complaints, multiple staff members would threaten Plaintiff with "physical assaults, PREA Act, and SHU placement to shut [Plaintiff] off from filing to the local FBOP Regional Office, D.C. Central Office, and Federal Courts." (Id.) Plaintiff alleges that because the foregoing misconduct continued, Plaintiff filed civil actions with this Court. (Id., p. 3.) Plaintiff, however, complains that judges within this Court

---

[3] By Memorandum Opinion and Injunction Order entered on February 4, 2022, United States District Judge Frank W. Volk enjoined Plaintiff "from filing any new civil action in the United States District Court for the Southern District of West Virginia relating to the deprivation of his constitutional rights through alleged bias, prejudice, or collusion of governmental actors unless he first obtains leave of the Court through the procedure outlined in this Memorandum Opinion and Order, pays the filing fee in full, or obtains representation by an attorney duly licensed to practice law in the state of West Virginia and admitted before this Court." (Civil Action No. 5:21-cv-00367, Document No. 30 and Case No. 5:22-mc-000019)

colluded with Government Attorneys and prison staff to deny Plaintiff *informa pauperis* status thereby precluding Plaintiff from proceeding with his multiple actions (Case Nos. 5:21-cv-91, 209, 210, 270, 364, 367, and 492). (Id.) Plaintiff states that he filed judicial complaints against judges within this Court, but his judicial complaints were erroneous dismissed by Chief Judge Gregory of the Fourth Circuit. (Id.) Plaintiff argues that "[w]hile the Beckley Court continued to slam its doors in [Plaintiff's] face," Plaintiff was physically assaulted by FCI Beckley staff[4] on August 9, 2021. (Id.) Plaintiff contends that he suffered "serious injuries to [his] neck, L-arm, L-elbow, L-wrist, and R-hand." (Id., p. 4.) Plaintiff alleges that he was then placed in the Special Housing Unit ["SHU"] "where staff repeatedly ignored his medical sick calls." (Id.) Specifically, Plaintiff states that he submitted sick calls to the following: (1) Mr. Dunbar on August 11, 2021; (2) Mr. Law on August 16, 2021; and (3) "& more" on September 13, 2021, September 27, 2021, and October 11, 2021. (Id.) Plaintiff contends that when he was interviewed by the "Pennsylvania FBI" on August 16, 2021, he "showed the FBI the serious injuries, bruising and swelling, to his L-elbow, L-arm, R-hand, to no avail." (Id.) Plaintiff alleges on August 24, 2021, "Dr. Edwards slipped by doing chronic care visits in SHU and evaluated [Plaintiff's] injuries as serious and ordered x-rays and treatment." (Id.) Plaintiff, however, states that Mr. Tulley and Mr. Koontz tried to force Plaintiff to sign medical refusals for treatment and x-rays." (Id.) Plaintiff states that Mr. Tulley and Mr. Koontz threatened Plaintiff with physical assault, but Plaintiff "tore up the refusal form." (Id.) Plaintiff contends that he tried to notify the Court of the foregoing misconduct by filing Case No. 5:21-cv-00492, but not action had "been taken by the Court except recommending [Plaintiff] be

---

[4] Plaintiff states that the following individual either injured him, or allowed him to be injured: Williams, Ceil, Crawford, and Lt. Forren. (Document No. 2, p. 4.)

sanctioned." (Id., pp. 4 – 5.) Plaintiff complains that "Judge Johnston so boldly recommended that [Plaintiff] be sanctioned for filing, a clear farce and mockery of justice and proof of how the Federal Judicial System is broken." (Id., p. 5.) Plaintiff alleges that medical staff at FCI Beckley are now saying that Plaintiff signed a refusal form concerning his x-rays. (Id., pp. 5 – 6.) Plaintiff further contends that on "10-27-21, Medical Mr. Law told [Plaintiff] that Dr. Edwards' claims he recently examined [Plaintiff] and ordered blood work and things." (Id., p. 6.) Plaintiff argues this is proof that his medical records are being fabricated because he has not been evaluated by Dr. Edwards since August 24, 2021. (Id.) Plaintiff states that he has not signed any medical refusal forms since his placement in SHU on August 9, 2021. (Id.) Plaintiff concludes that he "has now suffered serious physical injuries to his neck, L-arm, L-elbow, L-wrist, R-hand without medical treatment and has been denied prescribed x-rays while staff forge refusal forms to try to force [Plaintiff] to suffer the injuries without treatment." (Id.) Finally, Plaintiff argues that the FBOP is improperly seizing his "EIP relief checks."[5] (Id., pp. 6 – 7.) Plaintiff requests monetary and injunctive relief. (Id., pp. 8 – 10.)

By Order entered on December 21, 2021, the United States District Court for the District of Columbia transferred the above matter to this Court for further proceedings. (Document No. 4.)

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, ___ U.S. ___, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment

---

[5] It appears Plaintiff is referring to Economic Impact Payments that were paid in accordance with the American Rescue Plan Act of 2021.

4

of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. See Feather-Gorbey v. Dunbar, 787 Fed.Appx. 824, 825 (4th Cir. 2019)("It is undisputed that Gorbey has had, on at least three occasions, an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim."); Feather-Gorbey v. Morris, 2021 WL 3131320, * 2 (S.D.W.Va. July 12, 2021)("There is no doubt that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a claim."); Feather-Gorbey v. Vest, 2021 WL 2932738, * 2 (S.D.W.Va. July 12, 2021)(same); Feather-Gorbey v. Assistant Warden Crickard, et al., 2021 WL 1811563, * 3 (D.S.C. May 6, 2021)("Gorbey is a prolific filer who is subject to the three-strikes provision set forth in 28 U.S.C. § 1915(g)."); Gorbey v. Geisinger Eye Center, 2021 WL 1792086, * 2 (M.D.Pa. May 5, 2021)("There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim."); Gorbey v. The Federal Bureau of Alcohol, et al., Civil Action No. 5:11-cv-126 (N.D.W.Va. March 14, 2012)(finding that Mr. Gorbey had filed eleven cases that have been dismissed as frivolous or for failing to state a claim); Gorbey v. District of Columbia, et al., Civil Action No. 2:09-cv-151 (S.D.Ind. 2009)(finding that Mr. Gorbey is barred from proceeding *in forma pauperis* due to his three strike status under Section 1915(g)); Gorbey v. Mubarek, 2019

5

WL 5593284, * 1 (D.Md. Oct. 30, 2019)(listing eleven cases that qualify as a strike). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id.

A review of Plaintiff's Complaint pursuant to Section 1915(g) reveals that Plaintiff should not be granted *in forma pauperis* status because Plaintiff has not demonstrated an imminent danger of serious physical injury. Plaintiff appears to allege that he is in imminent danger of serious physical injury because he is subjected to harassment, a past physical assault, a denial of medical treatment and fabrication of medical records, a denial of postage and writing materials, and a denial of access to the administrative remedy process. Plaintiff's conclusory and speculative allegations

simply do not demonstrate a serious physical injury, or a threat of serious physical injury. Plaintiff has previously raised some of these identical imminent danger claims, and such have been repeatedly rebuffed by courts, which have found that his allegations do not show imminent danger of serious injury. See Feather-Gorbey v. King, et al., 2021 WL 1792096, * 2 (M.D.Pa. May 5, 2021)(finding that Gorbey's allegations that he was assaulted, at risk of further assaults, and denied access to the courts failed to meet the imminent danger standard); Gorbey v. Geisinger Eye Center, et al., 2021 WL 1792086, * 2 - 3 (M.D.Pa. May 5, 2021)(finding that Gorbey's allegations of being denied proper treatment for his glaucoma, access to the courts, and access to the administrative remedy program failed to meet the imminent danger standard); Feather-Gorbey v. Swann, et al., 2021 WL 1741854, * 2 – 3(M.D.Pa. May 3, 2021)(finding that Gorbey failed to demonstrate imminent danger based upon his claims that he was assaulted and threatened by inmates, he was deliberately exposed to COVID, denied proper medication for glaucoma, and suffered injuries after falling from the top bunk); Feather-Gorbey v. Biden, et al., 2021 WL 743297, * 1 – 2 (M.D.Pa. Feb. 25, 2021)(finding Gorbey's allegations concerning election fraud failed to show an imminent threat of harm); Feather-Gorbey v. Black, et al., 2021 WL 37993, * 2 (M.D.Pa. Jan. 5, 2021)(finding Gorbey failed to show imminent danger of serious physical injury based upon allegations that "staff members placed him in a cell with occupied beds, ignored his requests for assistance and, ultimately – after placing him in physical restraints – threatened him with a new, abusive cellmate."); Feather-Gorbey v. Spaulding, 2020 WL 7323900, * 1 - 2 (M.D.Pa. Dec. 11, 2020)(finding that no danger of imminent harm where Gorbey's claim of improper medical treatment was speculative and the danger alleged was entirely in the past); Gorbey v. Spaulding, et al., 2020 WL 6787493, * 2 (M.D.Pa. Nov. 17, 2020)(finding Gorbey's allegations concerning

improper medical care, denial of a lower bunk pass, and failure to accommodate his right to practice his religion failed to show an imminent threat of harm); Feather-Gorbey v. Federal Bureau of Prisons, 2020 WL 6107050, * 2 (M.D. Pa. Oct. 15, 2020)(finding Gorbey failed to show that he was imminent danger of serious physical injury based on his claim that he was denied proper medical treatment for his glaucoma, assigned to a top bunk despite suffering from chronic injuries, being exposed to lead paint and excessive lighting, denied protection from assault, and denied access to the administrative remedy program); Feather-Gorbey v. Gass, et al., 2020 WL 6107049, * 2 (M.D.Pa. Oct. 15, 2020)(concluding that Gorbey failed to show that he was imminent danger of serious physical injury based on his claim that he was assigned to a top bunk, failed to receive proper medical treatment for his glaucoma, and was being denied access to the administrative remedy program); Owl Feather-Gorbey v. United States, et al., 2020 WL 6144568, * 1 (D.D.C. Sep. 29, 2020)(finding that Gorbey's allegations of judicial bias did not qualify as imminent danger of serious physical injury); Gorbey v. Mubarek, 2019 WL 5593284, * 5 (D.Md. Oct. 30, 2019)(finding Gorbey's allegation concerning inadequate medical care and prison staff encouraging violence did not create an imminent danger to his safety); Gorbey v. Dunbar, et al., 2019 WL 5339607, * 7 (D.Md. April 24, 2019)(finding Gorbey failed to demonstrate imminent danger of harm based on his alleged need for a lower bunk pass, medical braces/shoes, and glaucoma treatment), aff'd, 787 Fed.Appx. 824 (4th Cir. 2019). Plaintiff's allegation that he suffered a past assault does not suggest imminent harm, and his claim that he could suffer additional assaults in the future is speculative. See Feather-Gorbey v. King, 2021 WL 1792096, * 2. The denial of appropriate medical care may, under certain circumstances, present an "imminent danger" sufficient to create an exception to the three-strikes policy and allow a prisoner to proceed

IFP. See Ibrahim v. District of Columbia, 463 F.3d 3, 6 – 7 (D.C. Cir. 2006)(Failure to receive adequate treatment for potentially life-threatening illnesses constitutes 'imminent danger' under the Act). Plaintiff's allegations, however, are insufficient to show that Plaintiff is in imminent danger of serious physical injury. Plaintiff fails to demonstrate that he has a sufficiently serious medical need. Plaintiff's Complaint alleges only the conclusory claim that Plaintiff suffered "serious" injuries. Plaintiff alleges no facts to support his claim that he suffered "serious" physical injuries.[6] As explained above, an inmate must make "specific fact allegations of ongoing serious physical injury" because vague or conclusory allegations are insufficient to invoke the exception of Section 1915(g). See Johnson, supra, 200 Fed.Appx. at 272. Based upon the foregoing, the undersigned finds that Plaintiff's *in forma pauperis* status should be denied because Plaintiff has failed to demonstrate that he is under imminent danger of serious physical injury.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

---

[6] Plaintiff merely indicates that his serious injuries were bruising and swelling to his left elbow, left arm, and right hand. Allegations of bruising and swelling do not constitute serious medical needs. *See Abernathy v. Anderson*, 98 F.3d 1, 8 (1st Cir. 2020)(finding that cuts, bruises, swelling, and some bleeding are not serious medical needs); *Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019)(plaintiff's skin abrasions and bruise on his knee did not amount to a serious medical need); *Elcock v. Whitecotton*, 434 Fed.Appx. 541, * 2 (7th Cir. 2011)(allegations of scratches and bruises did not constitute a serious medical need); *Ward v. Sutton*, 1987 WL 39065, * 1 (4th Cir. Nov. 25, 1987)(per curiam)(a badly bruised back is not a serious medical need); *Sapp v. North Carolina Dept. of Corrections*, 2013 WL 2480667, * 4 (W.D.N.C. June 10, 2013)("Bruising alone does not constitute a serious medical need."); *McGugan v. Clarke*, 2021 WL 4429191, * 4 (W.D.Va. Sept. 27, 2021)(finding that the allegation of bruising does not state an objectively serious medical need); *Alexander v. Parks*, 2019 WL 346426, * 4 (W.D. Va. Jan. 28, 2019)(allegations of minor abrasions, a red spot on his head, and a swollen hand are not sufficiently serious); *Adams v. Compton*, 2005 WL 2006975, * 10 (W.D.Va. Aug. 17, 2005)(holding that various bruises, abrasions and a knot on the head are not sufficiently serious medical conditions).

Application to Proceed *In Forma Pauperis* (Document No. 2), **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice pursuant to 28 U.S.C. § 1915(g), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 9, 2022.



Omar J. Aboulhosn
United States Magistrate Judge