UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                      CIVIL ACTION NO. 5:22-cv-00053

U.S. ATTORNEY GENERAL,
*Director of the* FEDERAL BUREAU
OF PRISONS,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

        Pending is a Complaint filed pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, by Plaintiff (Chief) Col. Michael S. Owl Feather-Gorbey. [Doc. 1]. He filed the Complaint in the United States District Court for the District of Columbia on November 8, 2021. The case was transferred to the Court on December 21, 2021. [Doc. 4]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on February 9, 2022. [Doc. 7]. Magistrate Judge Aboulhosn recommended the Court deny Plaintiff's Application to Proceed in Forma Pauperis [Doc. 2]; dismiss the Complaint [Doc. 1]; and dismiss the matter. Mr. Feather-Gorbey objected to the PF&R and challenges the Court's jurisdiction. [Docs. 8, 9].

## I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Feather-Gorbey challenges the Court's jurisdiction over this matter. Specifically, he claims the Court does not have jurisdiction over the defendants because they are not within the Southern District of West Virginia. He admits, however, that certain acts alleged in the Complaint occurred in this District. [Doc. 8 at 1]. He requests the case be transferred back to the United States District Court for the District of Columbia.

Mr. Feather-Gorbey's Complaint challenges conduct allegedly occurring at FCI Beckley. He contends the Court does not have jurisdiction because "the Complaints relate to the D.C. Employee's Negligent wrongful act or ommission [sic] in D.C. in regards to those acts in West VA & therefore venue is proper in the Federal Court District of Columbia." [Doc. 8 at 1]. Yet his allegations in the Complaint contain actions that occurred within this District. Specifically,

he alleges (1) he has suffered physical assault; (2) denial of medical treatment; (3) denial of "indigent supplies;" (4) denial of timely and meaningful access to the BOP Administrative Remedy process; and (5) fabrication of medical examinations. [Doc. 1 at 1]. Neither his Complaint nor objections contain information to suggest these actions took place anywhere other than within this District.

The Court **OVERRULES** the objections to the Court's jurisdiction and **DENIES** the request to transfer the case back to the United States District Court for the District of Columbia.

### III.

Mr. Feather-Gorbey objects to the Undersigned, Chief Judge Johnston, Magistrate Judge Aboulhosn, or Magistrate Judge Tinsley presiding over the case. [Doc. 9 at 2]. He contends these judges have personal biases against him and have continually abused their discretion in the disposition of his previous cases. [*Id.*]. He asserts the Undersigned and Magistrate Judge Aboulhosn demonstrate prejudice in failing to acknowledge the extent of his purported injuries, such as "serious nerve damage, fractures, breaks & bruising & swelling." [*Id.* at 10]. He contends the Court's continued failure to find he suffers serious physical injury is an example of the Court's bias and prejudice against him. [*Id.* at 11]. Further, he asserts the issuance of a prefiling injunction against him constitutes prejudice and adversely affects his ability to file pleadings in cases pending before another member of this Court. [*Id.* at 3].

He asserts the same bases for recusal as previously asserted and denied in prior cases. *See, e.g., (Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, 5:22-cv-00022 (objections requesting recusal of the Undersigned, Chief Judge Johnston, and Magistrate Judges Aboulhosn and Tinsley for personal bias and abuse of discretion); *(Chief) Col. Michael S. Owl*

3

*Feather-Gorbey v. Williams*, 5:21-cv-00673 (*Bivens* action against the undersigned and eighty-two other defendants alleging, *inter alia*, collusion to prejudice Plaintiff); *(Chief) Col. Michael S. Owl Feather-Gorbey v. U.S. Attorney General*, 5:21-cv-00593, Doc. 5 (motion to recuse Magistrate Judge Aboulhosn and the Undersigned for bias and personal interests in the matter); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, 5:21-cv-00583, Doc. 8 (motion to recuse the Undersigned, Chief Judge Johnston, and Magistrate Judges Aboulhosn and Tinsley for bias and prejudice); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Morris*, 5:21-cv-00091, Doc. 34 (motion to recuse the Undersigned and Magistrate Judge Aboulhosn for bias and "ex parte collusion."). Insofar as the objection can be construed as a motion to recuse the Undersigned, the Court denies it for the reasons more fully stated in the cited cases. Mr. Feather-Gorbey has presented no evidence of extrajudicial bias or prejudice to warrant the Undersigned's recusal. Thus, the Court **OVERRULES** the objection.

## IV.

Mr. Feather-Gorbey objects to the Magistrate Judge's finding that he does not meet the imminent danger standard under the three-strikes rule of 28 U.S.C. § 1915(g). [Doc. 9 at 4]. He further claims the Court misapplies this three-strikes provision by "relying on other error [sic] or faulty dismissals in other jurisdictions." [*Id.* at 11 – 12]. "Imminent danger of serious physical injury" requires "that the imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" *Feather-Gorbey v. Dunbar,* 787 Fed. Appx. 824, 825 (4th Cir. 2019) (citing *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003)).

Mr. Feather-Gorbey alleges he faces serious physical injury due to the lack of appropriate medical treatment for his glaucoma, which poses a threat of blinding him. Specifically,

Mr. Feather-Gorbey denies laser surgery and other treatments as recommended by a physician and wishes to be prescribed marijuana. [Doc. 9 at 4]. Any exacerbation of Mr. Feather-Gorbey's condition is self-inflicted. Mr. Feather-Gorbey has not been denied medical treatment for his glaucoma; he simply refuses to accept the prescribed treatment. This is not an imminent danger of serious physical injury.

Mr. Feather-Gorbey contends he is subject to verbal threats and physical assault which constitute imminent danger of serious physical injury. He further claims staff have repeatedly overly tightened leg restraints placed on him, constituting excessive force and causing serious injuries. [*Id.* at 6 – 9]. Because "imminent danger" is an additional pleading requirement for prisoners with three strikes, the allegation of imminent danger must meet the same plausibility standard required of all complaints. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Feather-Gorbey set forth conclusory statements in his Complaint that he is being threatened; he has failed to plead specific facts regarding these threats.

Mr. Feather-Gorbey has thus not demonstrated that he is in imminent danger of serious physical injury so as to allow him to proceed IFP. The Court **OVERRULES** the objections.

## V.

Based upon the foregoing discussion, the Court **ADOPTS** the Magistrate Judge's PF&R **[Doc. 7]**; **OVERRULES** Mr. Feather-Gorbey's objections **[Docs. 8, 9]**; **DENIES** the request to transfer the case back to the United States District Court for the District of Columbia **[Doc. 8]**; **DENIES** Plaintiff's Application to Proceed in Forma Pauperis **[Doc. 2]**; and **DISMISSES** the Complaint **[Doc. 1]**. The Court further **ORDERS** the case **DISMISSED** and

**STRIKEN** from the docket.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: May 26, 2022

Frank W. Volk
United States District Judge